## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARY ANN BERGERON,**

     **Plaintiff,**

**v.**                          **Case No:**

**RAUSCH, STURM, ISRAEL,**
**ENERSON & HORNIK, LLP**
**d/b/a RAUSCH STURM**              **DEMAND FOR JURY TRIAL**
**and US BANK, N.A. d/b/a ACG**
**CARD SERVICES,**

     **Defendants.**
_____/

## PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **MARY ANN BERGERON** ("Ms. Bergeron" or
"Plaintiff"), by and through the undersigned counsel, and hereby sues and files this
Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants,
**RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP d/b/a RAUSCH
STURM** ("Debt Collector") and **US BANK, N.A. d/b/a ACG CARD SERVICES**
("Debt Owner") (collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined
by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices
Act and 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection
Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page **1** of 15

by continuing to directly communicate with Ms. Bergeron when Defendants had actual knowledge that Ms. Bergeron was represented by counsel with respect to the alleged Debt, which can all reasonably be expected to harass Ms. Bergeron.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.      Plaintiff, Ms. Bergeron, was and is a natural person and, at all times material hereto, is an adult, a resident of Hernando  County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      At all times material hereto, Debt Collector was and is a limited liability partnership with its principle place of business in the State of WI and its registered agent, Gregory W. Enerson, located at 250 N. Sunnyslope Road, Suite 300, Brookfield, WI 53005.

6.      Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page **2** of 15

7.    At all times material hereto, Debt Owner was and is a bank with its principle place of business in the State of OH, located at 425 Walnut Street, Cincinnati, OH 45202.

8.    At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Bergeron's alleged debt.

9.    At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Bergeron's alleged debt for Debt Owner.

10.    As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

11.    Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Bergeron's information.

12.    Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Bergeron's information into Debt Owner's sales or customer systems.

13.    Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

14.    Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when calling Ms. Bergeron.

15.    Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA and FCCPA violations by directly sending collection letters to Ms. Bergeron and Debt Owner failed to stop such violations by Debt Collector.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page 3 of 15

16.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Bergeron's debt on behalf of Debt Owner.

### *Statements of Fact*

17.     Ms. Bergeron opened a personal credit card account in her name with Debt Owner for household purposes ("Account").

18.     In or around September of 2018, Ms. Bergeron encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

19.     On or around October 11, 2018, Debt Owner began placing calls to Ms. Bergeron's home telephone, 727-***-8004 ("Home Telephone"), in attempts to collect the Debt.

20.     Ms. Bergeron spoke with Debt Owner in October of 2018 and told Debt Owner that she could not afford the payments towards the Account at the time and demanded Debt Owner stop calling her Home Telephone.

21.     Despite Ms. Bergeron's demand, Debt Owner continued to place an average of three calls per day to Ms. Bergeron's Home Telephone in attempts to collect the Debt.

22.     On or around April 17, 2019, Ms. Bergeron spoke to Debt Owner again and told Debt Owner that she was represented by an attorney with respect to the alleged Debt and provided her attorney's name and contact information and once more demanded to stop the calls to her Home Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page **4** of 15

23.     Despite Debt Owner having actual knowledge that Ms. Bergeron was represented by an attorney with respect to the Debt, and having her attorney's contact information, Debt Owner continued to call Ms. Bergeron's Home Telephone.

24.     Accordingly, on June 28, 2019, Ms. Bergeron's attorney on behalf of Ms. Bergeron filed suit against Debt Owner ("Small Claims Case").  *See* Hernando County Case No.: 27-2019-SC-001464-SCA-XMX.

25.     On July 24, 2019, Debt Owner received notice of the Small Claims Case. *See* **Exhibit A.**

26.     The Small Claims Case is still currently in active litigation.

27.     Despite being sued by Ms. Bergeron and having actual knowledge that Ms. Bergeron was represented by an attorney with respect to the Debt, Debt Owner sold, transferred, or assigned the Account to Debt Collector for debt collection purposes.

28.     Debt Collector then began sending collection letters directly to Ms. Bergeron in attempts to collect the Debt.

29.     For example, on or around August 2, 2019, Debt Collector sent a collection letter to Ms. Bergeron in connection with collection of the Debt ("Collection Letter").  *See* **Exhibit B.**

30.     The Collection Letter was directly addressed to Ms. Bergeron, and its letter head identified that it was sent by "Rausch Sturm Attorneys at Law," demanded a total amount due of $21,072.05, included a statement of "this communication is from a debt collector" and represented that "this is an attempt to collect a debt and any

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page **5** of 15

information obtained will be used for that purpose," and offered options for payment including by phone, online, or by mail.  *See* **Exhibit B.**

31.    Debt Collector sent Collection Letter in connection with collection of the Debt.

32.    Debt Collector is not registered as debt collection agency in the state of Florida.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")* *(as against Debt Collector)*

33.    Ms. Bergeron re-alleges paragraphs 1-32 and incorporates the same herein by reference.

34.    Ms. Bergeron is a "consumer" within the meaning of the FDCPA.

35.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

36.    Debt Collector is a "debt collector" within the meaning of the FDCPA.

37.    Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

    a.    Debt Collector violated 15 U.S.C. § 1692c(a) by mailing Collection Letter directly to Ms. Bergeron after the Debt Collector knew Ms. Bergeron was represented by an attorney with respect to such debt and had knowledge of, or can readily ascertain, such attorney's name and address.

    b.    Debt Collector violated 15 U.S.C. § 1692e (3) by giving the false representation that Collection Letter is from an

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page **6** of 15

attorney when Debt Collector is a debt collection company and not an attorney.

  c. Debt Collector violated 15 U.S.C. § 1692e (10) by giving the false representation that Debt Collector is based in Florida by providing an incorrect Florida address when Debt Collector is not registered in the state of Florida and any previous registration of Debt Collector in the state of Florida expired on August 15, 2017.

38. As a result of the above violations of the FDCPA, Ms. Bergeron has been subjected to illegal collection activities for which she has been damaged.

39. Debt Collector's actions have damaged Ms. Bergeron by violating her right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Ms. Bergeron is represented by counsel with respect to the Debt.

40. Debt Collector's actions have damaged Ms. Bergeron by causing her emotional distress.

41. Debt Collector's actions have damaged Ms. Bergeron by causing her to lose sleep.

42. Debt Collector's actions have damaged Ms. Bergeron by causing her stress.

43. Debt Collector's actions have damaged Ms. Bergeron by causing her anxiety.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page 7 of 15

44.     Debt Collector's actions have damaged Ms. Bergeron by causing her aggravation.

45.     Debt Collector's actions have damaged Ms. Bergeron by being an annoyance.

46.     Debt Collector's actions have damaged Ms. Bergeron by invading her privacy.

47.      It has been necessary for Ms. Bergeron to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

48.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b.  Awarding actual damages;

    c.  Awarding punitive damages;

    d.  Awarding costs and attorneys' fees;

    e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.  Any other and further relief as this Court deems just and equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page 8 of 15

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)*

49.     Ms. Bergeron re-alleges paragraphs 1-32 and incorporates the same herein by reference.

50.     Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

a.   Debt Collector violated Fla. Stat. § 559.72(7) by sending the Collection Letter directly to Ms. Bergeron despite Debt Collector's knowledge that Ms. Bergeron had previously sued Debt Owner for its illegal collection activity regarding the Account, which can reasonably be expected to harass Ms. Bergeron.

b.   Debt Collector violated Fla. Stat. § 559.72(10) by giving the false representation that the Collection Letter is from an attorney when Debt Collector is a debt collector not an attorney.

c.   Debt Collector violated Fla. Stat. § 559.72(11) by communicating with Ms. Bergeron under the guise of an attorney by sending Collection Letter on stationary stating "Rausch Sturm Attorneys at Law" when Debt Collector is a debt collection company and not an attorney.

d.   Debt Collector violated Fla. Stat. § 559.72(18) by contacting Ms. Bergeron directly after Defendant knew Ms.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page **9** of 15

Bergeron was represented by an attorney with respect to the

Debt and had knowledge of, or could readily ascertain,

such attorney's name and address.

51.     As a result of the above violations of the FCCPA, Ms. Bergeron has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

52.     Debt Collector's actions have damaged Ms. Bergeron by violating her right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Ms. Bergeron is represented by counsel with respect to the Debt.

53.     Debt Collector's actions have damaged Ms. Bergeron by causing her emotional distress.

54.     Debt Collector's actions have damaged Ms. Bergeron by causing her to lose sleep.

55.     Debt Collector's actions have damaged Ms. Bergeron by causing her stress.

56.     Debt Collector's actions have damaged Ms. Bergeron by causing her anxiety.

57.     Debt Collector's actions have damaged Ms. Bergeron by causing her aggravation.

58.     Debt Collector's actions have damaged Ms. Bergeron by being an annoyance.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page **10** of 15

59.     Debt Collector's actions have damaged Ms. Bergeron by invading her privacy.

60.     It has been necessary for Ms. Bergeron to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

61.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.  Awarding actual damages;

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems just and equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

62.     Plaintiff re-alleges paragraphs 1-32 and incorporates the same herein by reference.

63.     Debt Owner violated the FCCPA.  Debt Owner's violations include, but are not limited to, the following:

a.  Debt Owner violated Fla. Stat. § 559.72 (7) by

transferring, selling, or assigning the Account to Debt

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page **11** of **15**

Collector after Debt Owner knew the Account was in litigation and after Debt Owner knew Ms. Bergeron was represented by counsel with respect to the Account, which can all reasonably be expected to harass Ms. Bergeron.

b. Debt Collector violated Fla. Stat. § 559.72 (8) transferring, selling, or assigning the Account to Debt Collector after Debt Owner knew the Account was in litigation and after Debt Owner knew Ms. Bergeron was represented by counsel with respect to the Account as a means to enforce payment.

64.     At all times relevant hereto, Debt Owner was also vicariously liable for the actions of Debt Collector.

65.     Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

c. Debt Collector violated Fla. Stat. § 559.72(7) by sending the Collection Letter directly to Ms. Bergeron despite Debt Collector's knowledge that Ms. Bergeron had previously sued Debt Owner for its illegal collection activity regarding the Account, which can reasonably be expected to harass Ms. Bergeron

d. Debt Collector violated Fla. Stat. § 559.72(10) by giving the false representation that the Collection Letter is from an

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a
ACG Card Services*
Page **12** of 15

attorney when Debt Collector is a debt collection company and not an attorney.

e.   Debt Collector violated Fla. Stat. § 559.72(11) by communicating with Ms. Bergeron under the guise of an attorney by sending Collection Letter 1 on stationary stating "Rausch Sturm Attorneys at Law" when Debt Collector is a debt collector not an attorney.

f.   Debt Collector violated Fla. Stat. § 559.72(18) by contacting Ms. Bergeron directly after Defendant knew Ms. Bergeron was represented by an attorney with respect to the Debt and had knowledge of, or could readily ascertain, such attorney's name and address.

66.   As a result of the above violations of the FCCPA, Ms. Bergeron has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

67.   Debt Collector's actions have damaged Ms. Bergeron by violating her right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Ms. Bergeron is represented by counsel with respect to the Debt.

68.   Debt Collector's actions have damaged Ms. Bergeron by causing her emotional distress.

69.   Debt Collector's actions have damaged Ms. Bergeron by causing her to lose sleep.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page 13 of 15

70.     Debt Collector's actions have damaged Ms. Bergeron by causing her stress.

71.     Debt Collector's actions have damaged Ms. Bergeron by causing her anxiety.

72.     Debt Collector's actions have damaged Ms. Bergeron by causing her aggravation.

73.     Debt Collector's actions have damaged Ms. Bergeron by being an annoyance.

74.     Debt Collector's actions have damaged Ms. Bergeron by invading her privacy.

75.     It has been necessary for Ms. Bergeron to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

76.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.   Awarding actual damages;

c.   Awarding punitive damages;

d.   Awarding costs and attorneys' fees;

e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page **14** of 15

g.  Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Mary Ann Bergeron, demands a trial by jury on all issues so triable.

Respectfully submitted this **August 30, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Bergeron v. Rausch, Sturm, Israel, Enerson & Hornik, LLP d/b/a Rausch Sturm and US Bank, N.A. d/b/a ACG Card Services*
Page **15** of 15